United States District Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jonathan Morrison, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 4:23-cv-00250 |
| v. | § § | |
| Kilolo Kijakazi, Acting Commissioner of Social Security,[1] | § § § § | |
| *Defendant.* | § | |

## ORDER ON ATTORNEYS' FEES

Plaintiff Jonathan Morrison filed a motion requesting an award of attorneys' fees incurred for prosecuting his successful appeal of the Social Security Administration's adverse ruling under 42 U.S.C. § 405(g). As addressed below, Plaintiff's motion is granted.

## Analysis

### I. Morrison is entitled to recover attorneys' fees.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that he is the prevailing party; (2) that he timely

---

[1] As noted previously, no request to substitute Kijakazi with Martin O'Malley was filed. *See* Dkt. 16 at 1 n.1.

filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee award unjust. *See Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing, *inter alia*, 28 U.S.C. § 2412(d)(1)(A)-(B)).

The record confirms that Morrison is the prevailing party. This is because the Court reversed and remanded the case to the Administration for further proceedings. *See* Dkt. 16; *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand pursuant to 42 U.S.C. § 405(g) confers a plaintiff with prevailing party status).

Second, Morrison timely filed his motion for attorneys' fees within thirty days of when the district court's judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from final judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 17 (Apr. 30, 2024 final judgment); Dkt. 18 (July 16, 2024 motion). No special circumstances make a fee award unjust. An award of fees under the EAJA is therefore proper.

The next step requires examining the number of hours worked and the applicable hourly rate. Morrison seeks recovery for 29.8 attorney hours, at $240 per hour, and 4.4 paralegal hours at $100 per hour. *See* Dkt. 18 at 2; Dkt. 18-1 at 1-3. The total of 34.2 hours falls within the typical range for Social

Security appeals. *See, e.g.*, *Thomas H. v. Kijakazi*, 2023 WL 5191950, at *2 (S.D. Tex. Aug. 10, 2023) (typical range is twenty to forty hours). In addition, the Court concludes that the paralegal time is reimbursable as legal, rather than clerical, work. *See id.* ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical.") (quoting *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001)).

Counsel's requested hourly rate of $240 exceeds the EAJA rate of $125, which was last amended in 1996. It also exceeds the rates after accounting for cost-of-living adjustments in this area.[2] *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *2-3 (S.D. Tex. Feb. 9, 2022) (applying local Consumer Price Index ("CPI") to determine appropriate hourly rate, although counsel was based in New York); *see also Kelsey v. O'Malley*, 2024 WL 1016372, at *2 (S.D. Tex. Feb. 14, 2024) (calculating CPI-adjusted hourly rate as $226.58 for 2022 and $234.41 for 2023), *adopted by* 2024 WL 1023036 (S.D. Tex. Mar. 8, 2024).

Applying the local CPI-adjusted rates ($226.58 for 2022; $234.41 for 2023; and $239.49 for 2024) to the number of attorney-hours results in a total

---

[2] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is available on the U.S. Bureau of Labor Statistics' website. *See Databases, Tables & Calculators by Subject*, U.S. Bureau of Lab. Stat., https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Sept. 20, 2024). Although the annual CPI for 2024 has yet to be published, the CPI for the first half of this year is 91.59% higher than the base rate of 142.7 as of 1996 (*i.e.*, (273.400-142.7)/142.7), which results in an adjusted hourly rate of $239.49 (*i.e.*, 1.9159 x $125). *See id.*

of $6,975.35.³ To that sum would be added $440 for paralegal hours (4.4 hours) expended at the reasonable rate of $100 per hour. *See Reece v. Saul*, 2019 WL 13210644, at *1 (S.D. Tex. Nov. 1, 2019) (finding rate of $100 per hour reasonable for paralegal work). These figures yield a grand total of $7,415.35. Morrison's requested amount ($7,592.00) is marginally higher. *See* Dkt. 18 at 1-2. But considering the Commissioner's non-opposition and this Court's recent awards in comparable cases, $7,592.00 is a reasonable sum to award here. *See, e.g., Puckett v. O'Malley*, 2024 WL 4007810, at *1 (S.D. Tex. Aug. 29, 2024) (awarding $9,500); *Miller v. Kijakazi*, 2024 WL 3744386, at *3 (S.D. Tex. Aug. 8, 2024) (awarding $9,000).

## II. **Payment must be made to Morrison.**

Finally, Morrison requests that the fee award be paid to his counsel after the Commissioner deducts any sums that should be withheld. *See* Dkt. 18 at 2. An EAJA fee award is payable to the litigant, rather than his counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597-98 (2010). Those "fees are also subject to an offset to satisfy any pre-existing debt that the litigant owes to the federal government." *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013) (citing *Astrue*, 560 U.S. at 590). Following *Astrue* and *Jackson*, courts within this

---

[3] The yearly subtotals based on local CPI-adjusted hourly rates are: (a) $453.16 for 2022 (2 hours x $226.58); (b) $6,258.75 for 2023 (26.7 hours x $234.41); and (c) $263.44 for 2024 (1.1 hours x $239.49). *See* Dkt. 18-1 at 2 (detailing hours).

4

Circuit have declined similar requests to have EAJA awards made payable to a litigant's counsel. *See, e.g.*, *Thomas H.*, 2023 WL 5191950, at *4 n.9 (denying direct payment to counsel, despite plaintiff's signed waiver); *see also, e.g.*, *Cardona v. Comm'r of Soc. Sec.*, 2023 WL 2577200, at *2 (W.D. Tex. Mar. 17, 2023) (collecting authorities), *adopted by* 2023 WL 2903980 (W.D. Tex. Apr. 11, 2023). Morrison has offered no reason to deviate from that approach.

Accordingly, the EAJA fees must be paid to Morrison. "It will thereafter fall on [Morrison] to satisfy whatever obligations that [he] may have with respect to paying [his] counsel for litigating this action." *See Arizmendez v. Colvin*, 2014 WL 2154052, at *1 (N.D. Tex. May 22, 2014); *see also Jackson*, 705 F.3d at 531 ("EAJA fees are paid to the claimant, who may or may not tender the award to counsel.").

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Jonathan Morrison be awarded $7,592.00 in attorneys' fees under the Equal Access to Justice Act. It is further **ORDERED** that the award must be payable to Morrison, but Defendant may send the payment to Morrison's counsel.

Signed on September 25, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

5